FILED

MAR 26 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISON

| | |
|---|---|
| GARY BROGE | ) |
| Plaintiff, | ) |
| vs. | ) |
| WARREN COMMUNITY UNIT SCHOOL DISTRICT #205, | ) |
| Defendant. | ) |

09 C 50 0 70
Judge Reinhard

## COMPLAINT

NOW COMES PLAINTIFF, GARY BROGE, through his attorney, PAUL CARPENTER, complaining against Defendant WARREN COMMUNITY UNIT SCHOOL DISTRICT #205, and states as follows:

### INTRODUCTION

1. Plaintiff GARY BROGE brings a claim to redress acts of disability discrimination by Defendants pursuant to the Americans with Disabilities Act.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred and invoked pursuant to the American with Disabilities Act, 42 U.S.C 12112 (Disability Discrimination).

3. Venue is proper in this judicial district under 28 U.S.C. 1391 (b) and (c) because Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

1

4. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

5. On or about April 25, 2008, Plaintiff timely filed a charge of discrimination against Defendant with the EEOC.

6. This complaint is filed within 90 days of Plaintiff's receipt of his notice of right to sue.

## PARTIES

7. Plaintiff GARY BROGE is a 68 year old male residing within the Northern District of Illinois. Plaintiff GARY BROGE was hired by Defendant WARREN COMMUNITY UNIT SCHOOL DISTRICT #205 as a Substitute Custodian on or about July 25, 2007.

8. Defendant WARREN COMMUNITY UNIT SCHOOL DISTRICT #205 is an Illinois Municipal Corporation, organized and existing under the Constitution and Laws of the State of Illinois, and is located within the geographical jurisdiction of this Court.

## FACTS

9. GARY BROGE was hired in July, 2007, as a substitute custodian. He worked 40 hours per week, and was paid minimum wage. School was not in session when GARY BROGE was hired.

10. When school started, GARY BROGE was advised that one of the jobs that would need to be performed was setting up bleachers in the gymnasium. Part of setting up the bleachers involved lifting metal railings above the head to install on the bleachers.

11. GARY BROGE advised his supervisor, Facilities Manager Bill Kussner, that he was unable to do overhead lifting, due to his back disability.

12. Arrangements were made to have a student help set up the bleachers.

13. These arrangements lasted only a couple weeks. The Facilities Manager then told GARY BROGE that if he could not set up the bleachers, he could not work for the School District.

14. GARY BROGE had obtained a note from his physician on September 10, 2007, to provide evidence of his condition. He subsequently provided that note to the Facilities Manager.

15. Rather than continuing to make said reasonable accommodations, the Facilities Manager told GARY BROGE, "You only went to see your doctor because you didn't want to work in the gym."

16. On or about October 2, 2007, the Facilities Manager told GARY BROGE, "If you cannot help set up and take down the bleachers in the gym, then I don't need you anymore. When you leave tonight, leave your keys on my desk." Plaintiff GARY BROGE turned his keys over to the school board president after he left work that night, as he took the Facilities Manager's words to mean that he had been terminated.

## DISABILITY DISCRIMINATION

17. Defendant WARREN COMMUNITY UNIT SCHOOL DISTRICT #205 is a covered entity and employer within the meaning of Section 101 of the Americans with Disability Act of 1990, 42 U.S.C. 12111(2) AND (5) (a) ( "the ADA").

18. Defendant discriminated against Plaintiff on account of his disability in violation of the ADA.

19. Plaintiff GARY BROGE suffers from chronic lower back pain, due to degenerative arthritis in his spinal column. Said condition existed during his employment with the WARREN COMMUNITY UNIT SCHOOL DISTRICT #205. Plaintiff's disability substantially limits certain activities, including but not limited to overhead lifting, and repeated stair use.

20. At the time of his discharge by the WARREN COMMUNITY UNIT SCHOOL DISTRICT #205, Plaintiff suffered from a disability within the meaning of the ADA in one or more of the following respects:

   a. Plaintiff's disability substantially limits major life activities, including but limited to performing manual tasks, including lifting overhead. 29 C.F.R. 1630.2 (g) and (j);

   b. Plaintiff had a record of disability; and

   c. Plaintiff was regarded by the WARREN COMMUNITY UNIT SCHOOL DISTRICT #205, as having a serious impairment, and in being limited in one or more of the substantial major life activities set forth in paragraph (a) above.

21. At all times relevant to this complaint, Plaintiff was a qualified individual with a disability. He satisfied all the requisite skill, experience, education and job qualifications of the job for which the WARREN COMMUNITY UNIT SCHOOL DISTRICT #205 hired him and he was capable of performing the essential job functions of his employment.

22. Defendant's violations of the ADA by discriminating against Plaintiff based on his disability, record of, or perceived disability in the terms and conditions of his employment, include but are not limited to the following:

    a. Plaintiff's was not provided with reasonable accommodations to allow him to perform the one part of his job which he needed assistance in performing, namely, setting up bleachers.

    b. Throughout Plaintiff's employment, he was subject to unwarranted and disproportionate disciplinary actions because of his disability status.

    c. Plaintiff GARY BROGE was terminated from his job after being told by Defendant's Facilities Manager that "I don't need you anymore if you can't work in the gym."

    d. Plaintiff GARY BROGE was denied a promotion to full time custodian, based on his disability, as he had been told that if the previous custodian did not return to work, "the job is yours." On information and belief, the previous full-time custodian never returned to work.

23. Defendant terminated Plaintiff's employment because Plaintiff was disabled and because Defendant regarded Plaintiff as disabled in violation of the ADA, 42 U.S.C. 12112 in that it was based on Plaintiff's disability, perceived disability, or record of disability.

24. Defendant intentionally discriminated against Plaintiff because of his disability.

25. The actions of defendant in intentionally engaging in and condoning disability discrimination and harassment against Plaintiff great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses, medical expenses, and other consequential damages.

26. Plaintiff requests that the Court order systemic injunctive relief to address the unlawful conduct complained of herein.

WHEREFORE, Plaintiff respectfully request:

A. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C. Defendant be required to pay prejudgment interest to Plaintiff on these damages;

D. A permanent injunction enjoining Defendant from engaging in the discriminatory practice complained of herein;

E. A permanent injunction enjoining Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADA;

F. The court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. An award of reasonable attorney's fees, cost, and litigation expenses; and

H. Such other relief as the Court may deem just or equitable.

Respectfully submintted,

*Paul Carpenter*

_____
Attorney for Plaintiff

Paul Carpenter
Law Office of Paul Carpenter
2222 E. State St., Suite G2
Rockford, IL 61104
(815) 997 5200
Fax (815) 997 5129